IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| STEPHEN KISHIMOTO SR. AND KAREN KISHIMOTO,, | ) ) ) | CIVIL NO. 09-00451 SOM-LEK |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| H & R BLOCK MORTGAGE CORPORATION, INC., OPTION ONE MORTGAGE CORPORATION, AMERICAN HOME MORTGAGE SERVICING, INC., JOHN DOES 1-10, JANE DOES 1-10, and DOE CORPORATIONS, PARTNERSHIPS AND OTHER ENTITIES 1-10,, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS'
MOTION FOR RELIEF FROM THE FEBRUARY 26, 2010 RULE 16
SCHEDULING ORDER AND MOTION FOR JOINDER OF WELLS FARGO
BANK N.A. AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN
TRUST 2007-5 ASSET-BACKED CERTIFICATES, SERIES 2007-5
AND DENYING PLAINTIFFS' MOTION TO AMEND COMPLAINT**

Before the Court are Plaintiffs Stephen J. Kishimoto Sr. and Karen J. Kishimoto's (collectively "Plaintiffs") Motion for Relief from the February 26, 2010 Rule 16 Scheduling Order and Motion for Joinder of Wells Fargo Bank N.A. as Trustee for Option One Mortgage Loan Trust 2007-5 Asset-Backed Certificates, Series 2007-5 ("Motion to Add Defendant"), filed on September 16, 2010, and Plaintiffs' Motion to Amend Complaint ("Motion to Add Claim"), filed on October 7, 2010.  On September 22, 2010 and October 12, 2010, Defendants/Third Party Plaintiffs H & R Block

Mortgage Corporation ("H & R Block") and Option One Mortgage Corporation ("Option One") filed their memorandum in opposition to the Motion to Add Defendant and their memorandum in opposition the Motion to Add Claim, respectively.  On September 28, 2010 and October 12, 2010, Defendant American Home Mortgage Servicing, Inc. ("American Home Mortgage"), filed its memorandum in opposition to the Motion to Add Defendant and the Motion to Add Claim, respectively.  On September 28, 2010 and October 12, 2010, Third-Party Defendant First American Title Insurance Company ("First American Title"), filed its statement of no position to the Motion to Add Defendant and the Motion to Add Claim, respectively.  Plaintiffs filed their reply in support of the Motion to Add Defendant on October 7, 2010.

These matters came on for hearing on October 14, 2010.  Colin Yost, Esq., appeared on behalf of Plaintiffs, Steven Chung, Esq., appeared on behalf of H & R Block and Option One, Blaine Rogers, Esq., appeared on behalf of American Home Mortgage, and Michael Vieira, Esq., appeared on behalf of First American Title.  After careful consideration of the motions, supporting and opposing memoranda, and the arguments of counsel, Plaintiffs' Motion to Add Defendant is HEREBY GRANTED IN PART AND DENIED IN PART and Plaintiffs' Motion to Add Claim is HEREBY DENIED for the reasons set forth below.

**BACKGROUND**

On September 23, 2009, Plaintiffs filed the instant action alleging violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, violations of state statutes, and various state law claims.  Plaintiffs seek, *inter alia*, rescission of the allegedly predatory mortgage loan which they entered into to refinance their principal residence (the "Loan").  Plaintiffs entered into the Loan with H & R Block in February 2007.  First American Title prepared a final Settlement Statement in connection with the Loan.  After Plaintiffs consummated the Loan, Option One immediately became the holder and servicer of the Loan.  American Home Mortgage purchased Option One on or about April 30, 2008.  American Home Mortgage became the servicer of the Loan effective July 1, 2008, and Plaintiffs believe that it also became the holder of the Loan.

H & R Block and Option One filed a Third-Party Complaint against First American Title on January 20, 2010.

The February 26, 2010 Rule 16 Scheduling Order set a January 19, 2011 trial date.  The deadline to add partes and amend pleadings was June 18, 2010.

## I.   Motion to Add Defendant

Plaintiffs seek leave to join Wells Fargo Bank N.A. as Trustee for Option One Mortgage Loan Trust 2007-5 Asset-Backed Certificates, Series 2007-5 ("Wells Fargo") as an additional defendant to the existing claims.  Plaintiffs state that, on

March 16, 2010, their counsel, Colin Yost, Esq., learned for the first time that the Loan note and mortgage are now owned by Wells Fargo.  Mr. Yost, however, was unable to immediately move to join Wells Fargo because of the demands of his other cases. Mr. Yost's legal assistant also apparently failed to enter the June 18, 2010 deadline to add parties and amend pleadings on Mr. Yost's calendar.  Further, around the time of the deadline, Mr. Yost was engaged in the "all-consuming" task of making the transition from a law firm to a solo practice.  [Mem. in Supp. of Motion to Add Defendant at 5-6.]  Plaintiffs argue that, in light of these circumstances, their failure to comply with the deadline to add parties and amend pleadings was the result of excusable neglect.

Plaintiffs contend that the joinder of Wells Fargo will not unduly prejudice the existing parties because the joinder should not necessitate additional discovery.  Plaintiffs also emphasize that they asked H & R Block and American Home Mortgage in July 6, 2009 letters to identify the current owner of the note and mortgage, but H & R Block and American Home Mortgage did not provide the requested information for over nine months.

In the alternative, Plaintiffs argue that Wells Fargo must be joined as a required party pursuant to Federal Rule of Civil Procedure 19(b).  Plaintiffs seek a determination that any security interest created by the Loan is void, and they contend

that the joinder of Wells Fargo is necessary to provide Plaintiffs complete relief and to allow Wells Fargo to protect its interests.

H & R Block and Option One argue that the Court should deny the Motion to Add Defendant because it is futile. Plaintiffs' rescission claim against Wells Fargo is futile because they did not provide Wells Fargo with notice of their election to rescind within the statutory three-year rescission period.  H & R Block and Option One assert that this renders the issue whether Plaintiffs' failure to comply with the June 18, 2010 deadline was the result of excusable neglect irrelevant.

American Home Mortgage raises the same futility argument.  In addition, it contends that Plaintiffs have not established excusable neglect.  The Assignment of Mortgage was publicly recorded in the Bureau of Conveyances on October 22, 2009 and was therefore available to both Plaintiffs and their counsel.  American Home Mortgage emphasizes that, although Mr. Yost was busy, his co-counsel, George Zweibel, Esq., should have taken steps to ensure that Plaintiffs' representation was not compromised.  Plaintiffs have not explained why Mr. Zweibel did not take action to bring the claims against Wells Fargo. American Home Mortgage also argues that it will be prejudiced by the addition of Wells Fargo as a defendant because of the resulting delays in the case.  Finally, American Home Mortgage

emphasizes that Wells Fargo was not involved in the loan origination actions which give rise to Plaintiffs' claims.

In their reply, Plaintiffs argue that the merits of their rescission claim should be addressed in connection with the dispositive motion set for hearing before the district judge on November 1, 2010.  They also argue that the TILA claim against Wells Fargo is viable.  As to American Home Mortgage's argument that Mr. Zweibel should have taken action to file the proposed claim before the deadline to add parties and amend pleadings, Plaintiffs state that Mr. Yost and Mr. Zweibel previously determined that Mr. Yost's office would be responsible for calendering court deadlines.  Plaintiffs acknowledge that counsel's division of labor did not successfully monitor all deadlines, but they argue that the system was not unreasonable.  Plaintiffs emphasize that counsel took action to rectify the error as soon as possible to prevent undue prejudice to the current parties.  Thus, Plaintiffs argue that, under the totality of the circumstances, it is appropriate to allow the joinder of Wells Fargo.

### II.  **Motion to Add Claims**

Plaintiffs also seek leave to add a TILA claim against Wells Fargo based on Wells Fargo's failure to provide certain notices to them within thirty days of the assignment.  Plaintiffs argue that the Court should excuse their failure to bring this

claim before the expiration of the deadline to add parties and amend pleadings for the same reasons set forth in their Motion to Add Defendant.  Plaintiffs contend that the addition of this new claim will not be unduly burdensome on the existing parties because the claim is straightforward and is not futile.  Plaintiffs also assert that having all related claims in the same action promotes judicial efficiency.

H & R Block and Option One argue that this motion is also futile for the same reasons they raised in their opposition to the Motion to Add Defendant.  Further, they agree with American Home Mortgage's position that Plaintiffs' failure to amend their Complaint in a timely manner is inexcusable.  American Home Mortgage essentially reiterates the same arguments that it raised in its memorandum in opposition to the Motion to Add Defendant.

## DISCUSSION

### I. Rule 16

Insofar as the deadline to add parties and amend pleadings expired on June 18, 2010, Plaintiffs must establish "good cause" to amend the scheduling order.  See Fed. R. Civ. P. 16(b)(4).  The good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order; if the party seeking the modification was not diligent, the court should deny the motion.  See Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080,

1087 (9th Cir. 2002).  "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"  Id. (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)).  Prejudice to the non-moving party may serve as an additional reason to deny the motion, but the lack of prejudice to the non-moving party does not justify granting the motion if the moving party was not diligent.  See Johnson, 975 F.2d at 609.

        In determining whether there is good cause to amend the scheduling order, this Court will focus upon Plaintiffs' actions after counsel became aware of the assignment to Wells Fargo.  The Court expresses no opinion regarding the current Defendants' alleged failure to timely notify Plaintiffs of the assignment or whether Plaintiffs should have discovered the assignment themselves based on the Bureau of Conveyances filing. Plaintiffs' counsel knew about the assignment for three months prior to deadline to add parties and amend pleadings.  Further, Plaintiffs did not file the Motion to Add Defendant for six months after counsel learned about the assignment.  The Court finds that, even considering the circumstances as a whole, Plaintiffs were not diligent in seeking to amend their Complaint. The management of Mr. Yost's caseload and office transition were in his control.  Further, Mr. Yost also could have re-allocated some of the responsibilities in this case to his co-counsel in

light of his unusually busy schedule.  The Court therefore FINDS that there is not good cause to amend the scheduling order.  The Motion to Add Defendant is DENIED as to Plaintiffs' request for leave to amend the scheduling order pursuant to Rule 16.

Insofar as there is no good cause to amend the scheduling order, this Court does not reach the issue whether leave to amend is appropriate under Federal Rule of Civil Procedure 15.  The Motion to Add Claim is also DENIED.

## II. **Rule 19**

Plaintiffs also argue that Wells Fargo is a required party that must be joined pursuant to Federal Rule of Civil Procedure 19(a), which states:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Plaintiffs seek, *inter alia*, rescission of the Loan and the termination of any security interest created by the Loan. [Complaint at 25.]  Insofar as Wells Fargo is allegedly the

current holder of the Loan note and mortgage, the relief that Plaintiffs seek cannot be granted unless Wells Fargo is joined as a defendant.  Further, the resolution of this action in Wells Fargo's absence may impair its interest and impede its ability to protect that interest.  Finally, based on this Court's familiarity with Wells Fargo from other cases in this district, all indications are that Wells Fargo is subject to service of process and its joinder will not deprive the district court of subject matter jurisdiction.

    The Court therefore FINDS that Wells Fargo must be joined as a defendant pursuant to Rule 19(a)(1) and (a)(2)(i).  The Motion to Add Defendant is GRANTED insofar as it seeks to join Wells Fargo as a defendant pursuant to Rule 19(a).

## CONCLUSION

    On the basis of the foregoing, Plaintiffs' Motion for Relief from the February 26, 2010 Rule 16 Scheduling Order and Motion for Joinder of Wells Fargo Bank N.A. as Trustee for Option One Mortgage Loan Trust 2007-5 Asset-Backed Certificates, Series 2007-5, filed on September 16, 2010, is HEREBY GRANTED IN PART AND DENIED IN PART, and Plaintiffs' Motion to Amend Complaint, filed on October 7, 2010, is HEREBY DENIED.  The Motion to Add Defendant is GRANTED insofar as the Court will allow the joinder of Wells Fargo pursuant to Federal Rule of Civil Procedure 19(a).  The Motion to Add Defendant is DENIED in all other respects.

Plaintiffs shall file their Amended Complaint adding Wells Fargo as a Defendant in the existing claims by no later than **November 1, 2010**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 25, 2010.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**STEPHEN KISHIMOTO, ET AL. V. H & R BLOCK MORTGAGE CORPORATION, INC., ET AL; CIVIL NO. 09-00451 SOM-LEK; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR RELIEF FROM THE FEBRUARY 26, 2010 RULE 116 SCHEDULING ORDER AND MOTION FOR JOINDER OF WELLS FARGO BANK N.A. AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2007-5 ASSET-BACKED CERTIFICATES, SERIES 2007-5 AND DENYING PLAINTIFFS' MOTION TO AMEND COMPLAINT**