IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| STEPHEN J. KISHIMOTO, SR., and KAREN J. KISHIMOTO, | ) ) ) | CIVIL NO. 09-00451 SOM/RLP CIVIL NO. 10-00601 SOM/RLP |
|---|---|---|
| Plaintiffs, | ) ) | ORDER DENYING MOTION FOR SUMMARY JUDGEMENT |
| vs. | ) ) | |
| H & R BLOCK MORTGAGE CORPORATION, INC.; OPTION ONE MORTGAGE CORPORATION; AMERICAN HOME MORTGAGE SERVICING, INC.; et al., | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

ORDER DENYING MOTION FOR SUMMARY JUDGMENT

I.      INTRODUCTION.

This case arises out of a February 2007 mortgage loan transaction in which Plaintiffs Stephen J. Kishimoto, Sr., and Karen J. Kishimoto obtained a $178,000 loan from H&R Block Mortgage Corporation, a wholly owned subsidiary of H&R Block, Inc. In July 2007, H&R Block Mortgage Corporation changed its name to Option One Mortgage Services, Inc. In July 2008, Option One Mortgage Services, Inc., changed its name to Ada Services Corporation. For purposes of this motion, the court refers to the original lender as H&R Block Mortgage Corporation, rather than by either of its changed names.

Shortly after the loan was made in February 2007, H&R Block Mortgage Corporation transferred the loan to Option One Mortgage Corporation. It is unclear what, if any, relationship

there is between Option One Mortgage Services, Inc., formerly known as H&R Block Mortgage Corporation, and Option One Mortgage Corporation. In May 2008, Option One Mortgage Corporation changed its name to Sand Canyon Corporation. This order, however, refers to Option One Mortgage Corporation by its original name. Option One Mortgage Corporation acted both as the owner of and the servicer for the Kishimotos' loan.

In April 2008, Option One Mortgage Corporation sold the right to service the Kishimotos' loan to AH Mortgage Acquisition Co., Inc., now known as American Home Mortgage Servicing, Inc.

On or about July 6, 2009, the Kishimotos' attorney sent notices of rescission via certified mail to H&R Block Mortgage Corporation, Option One Mortgage Corporation, and American Home Mortgage Servicing, Inc.

In October 2009, Option One Mortgage Corporation assigned the ownership of the Kishimotos' note and mortgage to Wells Fargo Bank N.A., as Trustee for Option One Mortgage Loan Trust 2007-5 Asset-Backed Certificates, Series 2007-5. On September 23, 2009, shortly before the assignment to Wells Fargo Bank N.A., the Kishimotos filed the initial Complaint in this matter, arguing that they were entitled to rescission of the loan and damages under the Truth in Lending Act based solely on Defendants' alleged failure to honor their rescission letter. The Kishimotos also asserted various state-law causes of action.

The Complaint was served on Option One Mortgage Corporation on November 20, 2009, after Option One Mortgage Corporation transferred ownership of the Kishimotos' loan to Wells Fargo Bank N.A.

On January 20, 2010, H&R Block Mortgage Corporation and Option One Mortgage Corporation filed a Third-Party Complaint, naming First American Title Insurance Company as a Third-Party Defendant. The Third-Party Complaint asserts claims for breach of contract and for indemnification.

On August 18, 2010, H&R Block Mortgage Corporation and Option One Mortgage Corporation filed the present Motion for Partial Summary Judgment, arguing that they are entitled to summary judgment on the TILA claims and that the court should decline to exercise supplemental jurisdiction over the state-law claims if summary judgment is granted in their favor on the TILA claims. The motion relies on the argument that Option One Mortgage Corporation did not receive the July 2009 notice of rescission, which Option One Mortgage Corporation says was sent to American Home Mortgage Servicing, Inc.'s post office box. The motion also contends that the TILA damage claim is untimely. The motion asks this court not to exercise supplemental jurisdiction over the Kishimotos' state-law claims if federal question jurisdiction is lacking.

On August 24, 2010, Defendant American Home Mortgage Servicing, Inc., filed a joinder in the motion.

On August 25, 2010, First American Title Insurance Company filed a substantive joinder in the motion, asking that the court decline to exercise supplemental jurisdiction over the state-law claims asserted in the Third-Party Complaint upon granting summary judgment on the TILA claims.

On October 30, 2010, Plaintiffs filed a First Amended Complaint, adding as a party Wells Fargo Bank N.A. as Trustee for Option One Mortgage Loan Trust 2007-5 Asset-Backed Certificates, Series 1007-5.  The court deems the motion for summary judgment to apply to the claims asserted in the First Amended Complaint.

The hearing on the motion was thereafter continued.  On March 3, 2011, Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2007-5 Asset-Backed Certificates, Series 2007-5, filed a joinder in the motion.

A question of fact as to whether Option One Mortgage Corporation received the Kishimotos' rescission letter precludes a grant of summary judgment to Option One Mortgage Corporation on the TILA rescission claim.  Summary judgment is also denied with respect to the TILA damage claim, as that claim was asserted within one year of Defendants' denials of the Kishimotos' rescission requests.  Given this court's continuing jurisdiction over the TILA claims, this court need not address the request

that it decline to exercise supplemental jurisdiction over the Kishimotos' state-law claims if the TILA claims have been disposed of.

II.     STANDARD.

Summary judgment shall be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). One of the principal purposes of summary judgment is to identify and dispose of factually unsupported claims and defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). Accordingly, "[o]nly admissible evidence may be considered in deciding a motion for summary judgment." Miller v. Glenn Miller Prods., Inc., 454 F.3d 975, 988 (9th Cir. 2006). Summary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial. See Celotex, 477 U.S. at 323. A moving party has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment. Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000). The burden initially falls on the moving party to identify for the court "those portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pac. Elec.

Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323); accord Miller, 454 F.3d at 987. "A fact is material if it could affect the outcome of the suit under the governing substantive law." Miller, 454 F.3d at 987.

When the moving party fails to carry its initial burden of production, "the nonmoving party has no obligation to produce anything." In such a case, the nonmoving party may defeat the motion for summary judgment without producing anything. Nissan Fire, 210 F.3d at 1102-03. On the other hand, when the moving party meets its initial burden on a summary judgment motion, the "burden then shifts to the nonmoving party to establish, beyond the pleadings, that there is a genuine issue for trial." Miller, 454 F.3d at 987. This means that the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (footnote omitted). The nonmoving party may not rely on the mere allegations in the pleadings and instead "must set forth specific facts showing that there is a genuine issue for trial." Porter v. Cal. Dep't of Corr., 419 F.3d 885, 891 (9th Cir. 2005) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)). "A genuine dispute arises if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." California v. Campbell, 319 F.3d 1161, 1166 (9th Cir. 2003); Addisu v. Fred

Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000) ("There must be enough doubt for a 'reasonable trier of fact' to find for plaintiffs in order to defeat the summary judgment motion.").

On a summary judgment motion, "the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor." Miller, 454 F.3d at 988 (quotations and brackets omitted).

III.     BACKGROUND.

On or about February 20, 2007, H&R Block Mortgage Corporation lent the Kishimotos $178,000. The loan was secured by a mortgage on the Kishimotos' residential property. See ECF Nos. 48-3 and 48-4.

On or about March 1, 2007, H&R Block Mortgage Corporation assigned the mortgage to Option One Mortgage Corporation. See ECF No. 48-5. Option One Mortgage Corporation's address was listed in the assignment of mortgage as 3 Ada, Irvine, California 92618 and P.O. Box 57096, Irvine, California 92619. Id.

In April 2007, Option One Mortgage Acceptance Corporation (as Depositor), Option One Mortgage Corporation (as Servicer), and Wells Fargo Bank, N.A., (as Trustee) entered into a "Pooling and Servicing Agreement." See ECF No. 48-7. Option One Mortgage Corporation indicates that the Kishimotos' loan was part of this assignment. See ECF No. 48-1, Page ID # 287.

7

In April 2008, H&R Block Mortgage Corporation, for reasons that are not clear from the record, once again assigned the Kishimotos' mortgage to Option One Mortgage Corporation. <u>See</u> ECF No. 48-6. This assignment of mortgage was filed with the State of Hawaii Bureau of Conveyances on May 20, 2008, as Document No. 2008-080922. <u>Id.</u>

Also in April 2008, Option One Mortgage Corporation sold the right to service the Kishimotos' loan to AH Mortgage Acquisition Co., Inc., now known as American Home Mortgage Servicing, Inc. <u>See</u> Supplemental Declaration of Dale Sugimoto ¶¶ 8-9, March 18, 2011, ECF No. 123. The court cannot discern from the record what the relationship between Option One Mortgage Corporation and American Home Mortgage Servicing, Inc., was at this point. Because Option One Mortgage Corporation transferred ownership of the Kishimotos' loan to Wells Fargo Bank N.A. in October 2009, it follows that Option One Mortgage Corporation must have owned the loan in April 2008. However, at the hearing on the motion, counsel for Option One Mortgage Corporation indicated that American Home Mortgage Servicing, Inc., at some point purchased all of the assets of Option One Mortgage Corporation and then did business as Option One Mortgage Corporation.

On or about July 6, 2009, within three years of the consummation of the loan, the Kishimotos' attorney sent notices

of rescission via certified mail to 1) H&R Block Mortgage Corporation, the Kishimotos' original lender, at 6561 Irvine Center Drive, Irvine, California 92618, see ECF No. 77-3; 2) Option One Mortgage Corporation, the owner of the Kishimotos' loan, at P.O. Box 57054, Irvine, California 92619-7054, see ECF No. 77-5; and 3) American Home Mortgage Servicing, Inc., the Kishimotos' loan servicer, at P.O. Box 631730, Irving, Texas 75063-1730, see ECF No. 77-7.

Option One Mortgage Corporation argues in its motion that it did not receive the July 6, 2009, rescission letter because it was addressed to P.O. Box 57054, a post office box that was being used by American Home Mortgages Servicing, Inc. See Declaration of Dale Sugimoto ¶ 11, Aug. 10, 2010, ECF 48-2. However, the Kishimotos say that they sent the rescission letter to P.O. Box 57054 because they had been told in billing statements such as the one they received in March 2008 that "All Written Inquiries" to Option One Mortgage Corporation should be sent to that address. See March 7, 2008, Billing Statement, ECF No. 124-1. Nothing in the present record indicates that, between March 2008 and the mailing of the rescission letter in June 2009, the Kishimotos were told to send correspondence to Option One Mortgage Corporation at a different address.

When the certified mail receipts for the rescission letters are compared, it appears that the same person signed for

the letters on behalf of H&R Block Mortgage Corporation, see ECF No. 77-4, and Option One Mortgage Corporation, see ECF No. 77-6:

At the hearing on the motion, counsel for Option One Mortgage Corporation indicated that, because American Home Mortgage Corporation was doing business as Option One Mortgage Corporation, American Home Mortgage Corporation received and kept any rescission letter sent to Option One Mortgage Corporation.

In October 2009, Sand Canyon Corporation, fka Option One Mortgage Corporation, assigned the Kishimotos' note and mortgage to Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2007-5 Asset-Backed Certificates, Series 2007-5. Wells Fargo's address was "c/o American Home Mortgage Servicing Inc., P.O. Box 57504, Irvine, CA 92619-7054." See ECF No. 48-11. It is undisputed for purposes of this motion that the Kishimotos were not told of this transfer, even though they should have been told pursuant to 15 U.S.C. § 1641(g)(1). That statute provides:

> In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including--
>
> (A) the identity, address, telephone number of the new creditor;
>
> (B) the date of transfer;

>    (C) how to reach an agent or party having authority to act on behalf of the new creditor;
>
>    (D) the location of the place where transfer of ownership of the debt is recorded; and
>
>    (E) any other relevant information regarding the new creditor.

Option One Mortgage Corporation was served with a copy of the Complaint in this case on November 30, 2009, after it had transferred ownership of the loan at issue to Wells Fargo Bank N.A. See Return of Service, ECF No. 16. On January 12, 2010, Option One Mortgage Corporation filed an Answer and a Counterclaim. Neither document indicated that the loan had been transferred to Wells Fargo Bank N.A. In fact, Option One Mortgage Corporation's Counterclaim sought an equitable lien on the secured property if the loan was rescinded, indicating that Option One Mortgage Corporation itself was unclear about the ownership of the Kishimotos' loan.

IV.     ANALYSIS.

   A.   TILA Rescission Claim.

Defendants seek summary judgment on the Kishimotos' TILA rescission claim, arguing that the Kishimotos did not properly exercise their rescission rights within the applicable limitation period. Given the question of fact as to whether the Kishimotos properly exercised their rescission rights, this part of the motion is denied.

Under 15 U.S.C. § 1635(a), a borrower has a right to rescind a consumer credit transaction that provides for a security interest in any property used as the borrower's principal dwelling. The borrower has "until midnight of the third business day following consummation of the transaction or the delivery of the information and rescission forms" to exercise this right. Id. However, when a lender fails to tell a borrower about the borrower's right to rescind, or fails to provide material disclosures, the duration of the borrower's right to rescind extends for three years from the date the transaction was consummated. 12 C.F.R. § 226.23(a)(3); Jackson v. Grant, 890 F.2d 118, 120 (9th Cir. 1989). Even a purely technical violation of TILA's disclosure provisions, including the failure to provide a borrower with two copies of the notice that includes the correct date the rescission period expires, extends the duration of the right to rescind for three years. See Semar v. Platte Valley Fed. Sav. & Loan Ass'n, 791 F.2d 699, 703-05 (9th Cir. 1986).

TILA defines "material disclosures" as disclosures

> of the annual percentage rate, the method of determining the finance charge and the balance upon which a finance charge will be imposed, the amount of the finance charge, the amount to be financed, the total of payments, the number and amount of payments, the due dates or periods of payments scheduled to repay the indebtedness, and the disclosures required by section 1639(a) of this title.

15 U.S.C. § 1602(u).

The regulations implementing TILA's rescission rights indicate that, "[t]o exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram, or other means of written communication."  12 C.F.R. 226.15(a)(2).

Defendants argue that, even if there was an improper material disclosure that extended the rescission period to three years, the Kishimotos did not exercise that right within the three-year period because they failed to properly send notice of their exercise of rescission rights to their creditor, Option One Mortgage Corporation.  Although the Kishimotos sent Option One Mortgage Corporation a rescission letter, Defendants say that the letter was not correctly addressed and was not actually received by Option One Mortgage Corporation because it was sent to P.O. Box 57054, the post office box for American Home Mortgage Servicing, Inc.

In arguing that that they are entitled to summary judgment because the Kishimotos did not properly assert their rescission rights within the three-year limitation period (assuming that the period was extended from three days to three years), Defendants rely on Miguel v. Country Funding Corp., 309 F.3d 1161 (9th Cir. 2002).  In Miguel, the borrowers sent a rescission letter to Countrywide Funding Corporation, but Countrywide Funding Corporation was the agent for the owner of

the loan, not the owner itself.  Because the borrowers did not notify the owner of the loan that the borrowers intended to rescind during the extended three-year limitation period, the Ninth Circuit held that the owner of the loan was not required to cancel the loan.  Id. at 1165.

After Miguel, official staff commentary was added to the TILA-implementing regulations about how to mail the rescission letter.  The additional official staff commentary states, "Where the creditor fails to provide the consumer with a designated address for sending the notification of rescission, delivery of the notification to the person or address to which the consumer has been directed to send payments constitutes delivery to the creditor or assignee."  See 12 C.F.R. pt. 226, Supp. I, para. 15(a)(2) (2005-2010).

In the present case, although the Kishimotos did not send the rescission letter to the address they had been directed to make payments to, the Kishimotos did send the rescission letter to the address that their March 2008 bill told them to use for "All Written Inquiries."  Nothing in the present record suggests that Option One Mortgage Corporation ever directed the Kishimotos to send a rescission notice to any other address.  There is therefore at least a question as to whether the Kishimotos properly addressed the rescission letter.  If Option One Mortgage Corporation failed to inform the Kishimotos of an

14

address change, the Kishimotos cannot be faulted for having sent Option One Mortgage Corporation their rescission letter at the address they had been told to use.

The court notes that the Kishimotos also addressed a copy of their rescission letter to H&R Block Mortgage Corporation, at 6561 Irvine Center Drive, Irvine, CA 92618, the address listed in the Notice of Right to Cancel. H&R Block Mortgage Corporation has not alleged that it failed to receive this letter. H&R Block Mortgage Corporation changed its name to Option One Mortgage Services, Inc. Given the lack of clarity as to the relationship, if any, between Option One Mortgage Services, Inc., and Option One Mortgage Corporation, the court cannot determine whether the notice sent to H&R Block Mortgage Corporation, now known as Option One Mortgage Services, Inc., should be deemed valid notice to Option One Mortgage Corporation.

This court is also concerned about statements made at the hearing about American Home Mortgage Servicing, Inc.'s purchase of all of the assets of Option One Mortgage Corporation and American Home Mortgage Servicing, Inc.'s conducting of business as Option One Mortgage Corporation. If this was the situation at the time the Kishimotos sent the rescission letter, then it explains why American Home Mortgage Servicing, Inc.'s employee signed for the certified mail rescission letter and why American Home Mortgage Servicing, Inc., may have retained that

15

letter.  It would also suggest that the rescission letter was indeed properly addressed to the Kishimotos' creditor, as it was sent to a post office box belonging to American Home Mortgage Servicing, Inc., doing business as Option One Mortgage Corporation.

The present record leaves this court with questions of fact as to whether Option One Mortgage Corporation can be said to have received the rescission letter, making <u>Miguel</u> inapposite. Under these circumstances, summary judgment is not appropriate.

B.   <u>TILA Damage Claim.</u>

The Kishimotos had to file their claims for money damages under TILA "within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).  When a TILA violation is based on an insufficient disclosure, the limitation period generally "starts at the consummation of the [loan] transaction."  <u>King v. California</u>, 784 F.2d 910, 915 (9th Cir. 1986); <u>see also</u> <u>Hubbard v. Fidelity Fed. Bank</u>, 91 F.3d 75, 79 (9th Cir. 1996) (holding that when a lender fails to comply with TILA's initial disclosure requirements, a borrower has one year from obtaining the loan to file suit).

Defendants seek summary judgment on the TILA damage claims, arguing that this suit was not brought within the one-year limitation period beginning with the consummation of their loan.  The Kishimotos say that they are not seeking TILA damages

16

arising out of the loan transaction.  Rather, they say they are seeking TILA damages based on Defendants' failure to honor their July 2009 rescission request.  Because TILA provides a borrower one year to file suit from the date of a lender's improper refusal to rescind, a damage claim made in late 2009 based on a failure to rescind in the summer of 2009 is not time-barred.  The motion for summary judgment is therefore denied.  See Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002) (noting in dicta "that 15 U.S.C. § 1640(e) provides the borrower one year from the refusal of cancellation to file suit").

    C.    Supplemental Jurisdiction.

Because a question of fact exists that precludes summary judgment on the TILA claims, this court has original jurisdiction over this matter.  This circumstance moots out the request that this court decline to exercise supplemental jurisdiction over the state-law claims if it lacks federal question jurisdiction.

V.    CONCLUSION.

Questions of fact as to whether the Kishimotos properly sent their creditor a written rescission letter preclude summary

judgment.  This denial of summary judgment is without prejudice to the filing of another motion based on a different record or different legal grounds, provided such a motion is brought within the time allowed by the court.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, March 24, 2011.



        /s/ Susan Oki Mollway
        Susan Oki Mollway
        Chief United States District Judge

Kishimoto v. H&R Block Mortgage Corporation, et al., Civil No. 09-00451 SOM/RLP and 10-00601 SOM/RLP; ORDER DENYING MOTION FOR SUMMARY JUDGMENT